IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KENNETH HERETICK,

                                    CASE NO.: 3:18-CV-822-J-39PDB

      Plaintiff,

v.

EXACTIS, LLC, a Florida limited
liability company,

      Defendant.
_____/

**DEFENDANT EXACTIS, LLC'S ANSWER**
**AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

     Defendant EXACTIS, LLC, through undersigned counsel, hereby submits its answer Plaintiff's Complaint.  All references to "Plaintiff" are to the individual Plaintiff Kenneth Heretick as Exactis is without knowledge of information sufficient to respond to factual allegations concerning unnamed individuals who are not yet "Plaintiffs" in this case.

**I.**       **INTRODUCTION**

1. Denied.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Admitted.

8. Denied.

9. Denied.

10. Denied.

    a.  Denied.

    b.  Denied.

    c.  Denied.

    d.  Denied.

    e.  Denied.

    f.  Denied.

    g.  Denied.

    h.  Denied.

    i.  Denied.

    j.  Denied.

    k.  Denied.

    l.  Denied.

11. Denied.

## II.   JURISDICTION AND VENUE

12. Admitted that jurisdiction has been alleged, otherwise denied.

13. Admitted for venue purposes only, otherwise denied.

## III.   PARTIES

**A.  Plaintiff.**

14. Without knowledge, therefore denied.

**B.  Defendant.**

15. Admitted Exactis has its principal place of business at 1 Florida Park Drive S, Suite # 308, Palm Coast, Florida 32137, which is located in Flagler County, Florida, otherwise denied.

16. Admitted.

### IV.    STATEMENT OF FACTS

17. Admitted.

18. Admitted.

19. Denied.

20. Denied.

21. Denied.

22. Without knowledge, therefore denied.

23. Without knowledge, therefore denied.

24. Without knowledge, therefore denied.

25. Without knowledge, therefore denied.

26. Without knowledge, therefore denied.

27. Denied.

28. Admitted.

29. Without knowledge, therefore denied.

30. Without knowledge, therefore denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Without knowledge, therefore denied.

40. Denied.

41. Without knowledge, therefore denied.

42. Without knowledge, therefore denied.

43. Denied.

44. Without knowledge, therefore denied.

45. Without knowledge, therefore denied.

46. Without knowledge, therefore denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

    a.   Denied.

    b.   Denied.

    c.   Denied.

    d.   Denied.

    e.  Denied.

    f.  Denied.

    g.  Denied.

    h.  Denied.

    i.  Denied.

    j.  Denied.

    k.  Denied.

    l.  Denied.

54. Denied.

## V.    CLASS ALLEGATIONS

55. Admitted that Plaintiff purports to bring common law claims against Defendant for negligence, negligence per se, bailment, and unjust enrichment, declaratory and injunctive relief and the various consumer protection laws, on behalf of himself and the nationwide class pursuant to Fed. R. Civ. P. 23(b)(1), (b)(2), (b)(3) and (c)(4) but denied that Plaintiff is entitled to any relief for these claims.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

    a.  Denied.

    b.  Denied.

    c.  Denied.

    d.  Denied.

     e.  Denied.

     f.  Denied

     g.  Denied.

     h.  Denied.

     i.  Denied.

     j.  Denied.

     k.  Denied.

     l.  Denied.

60. Denied.

61. Without knowledge, therefore denied.

62. Denied.

63. Denied.

### VI.    CLAIMS ALLEGED ON BEHALF OF THE NATIONWIDE CLASS, AND, IN THE ALTERNATIVE, STATEWIDE SUBCLASS

### FIRST CAUSE OF ACTION:  NEGLIGENCE

64. Defendant realleges its responses to Paragraphs 1 through 63 as if fully set forth herein.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

## SECOND CAUSE OF ACTION:  NEGLIGENCE PER SE

81. Defendant realleges its responses to Paragraphs 1 through 63 as if fully set forth herein.

82. Admitted Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45 prohibits "unfair...practices in or affecting commerce," otherwise denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

       a.   Denied.

       b.   Denied.

       c.   Denied.

       d.   Denied.

    e.  Denied.

    f.  Denied.

    g.  Denied.

    h.  Denied.

    i.  Denied.

    j.  Denied.

    k.  Denied.

    l.  Denied.

## THIRD CAUSE OF ACTION: UNJUST ENRICHMENT

88. Defendant realleges its responses to Paragraphs 1 through 63 as if fully set forth herein.

89. Without knowledge, therefore denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

## FOURTH CAUSE OF ACTION: DECLARATORY AND INJUNCTIVE RELIEF

96. Defendant realleges its responses to Paragraphs 1 through 95 as if fully set forth herein.



97. Admitted that the Declaratory Judgment Act, 28 U.S.C. § 2201, et. seq., authorizes this Court is authorized to enter a judgment declaring the rights and legal relations of the parties, otherwise denied.

98. Denied.

99. Denied.

      a.  Denied.

      b.  Denied.

100.     Denied.

101.     Denied.

102.     Denied.

103.     Denied.

**VII.    STATE CONSUMER PROTECTION LAWS BROUGHT BY THE STATEWIDE SUBCLASS**

**FIFTH CAUSE OF ACTION: VIOLATIONS OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

104.     Defendant realleges its responses to Paragraphs 1 through 95 as if fully set forth herein.

105.     Denied.

106.     Admitted.

107.     Denied.

108.     Denied.

109.     Denied.

110.     Denied.

111.     Denied.

112.      Denied.

113.      Denied.

114.      Denied.

115.      Denied.

## REQUEST FOR RELIEF

1.  Denied.

2.  Denied.

3.  Denied.

4.  Denied.

5.  Denied.

6.  Denied.

7.  Denied.

8.  Denied.

9.  Denied.

10. Denied.

11. Denied.

## DEMAND FOR JURY TRIAL

Defendant Exactis, LLC demands a trial by jury of all claims so triable.

## AFFIRMATIVE DEFENSES

Plaintiff has not suffered any injury or damage, and there is no liability to him. However, to the extent that Plaintiff has made claims in the Complaint, Exactis is entitled under Fed. R. Civ. P. 8 to raise the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff is without standing to pursue this litigation because (1) Plaintiff's personal information was not maintained and/or disbursed by Exactis, (2) Plaintiff did not suffer an injury in fact and (3) any injury allegedly suffered by Plaintiff cannot be "fairly traceable" to the alleged security breach of Exactis.

**SECOND AFFIRMATIVE DEFENSE**

Exactis is not responsible for the acts of others, whether superseding, intervening, or otherwise that Plaintiff claims may have caused or contributed to any alleged injuries or damages.

**THIRD AFFIRMATIVE DEFENSE**

Exactis acted in conformity with all existing industry, common and accepted standards in the field for storage and security of electronic data.  As a result, Plaintiff's claims are barred.

**FOURTH AFFIRMATIVE DEFENSE**

All information held by Exactis is information that is available in the public domain and not personal to Plaintiff so as to bar Plaintiff's claims.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff pursues his claim for negligence, which Exactis denies, Plaintiff's alleged claim is barred or reduced by the doctrine of comparative negligence.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate any alleged damages and as a result, any such alleged damages should be reduced accordingly.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state any set of facts nor has Plaintiff suffered any injury that would entitle him to exemplary or punitive damages under any circumstances.

### EIGHTH AFFIRMATIVE DEFENSE

Although Exactis denies that Plaintiff is entitled to any damages, any damages awarded to Plaintiff in this action should be reduced based on Plaintiff's receipt of any collateral source inuring to his benefit.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted as Plaintiff cannot show that Defendant maintained or distributed his personal information or that his information was obtained by any third party for any improper use.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted as Plaintiff's alleged damages, if any, were not proximately caused by any alleged security breach of Exactis.  At a minimum, Plaintiff cannot establish that any dissemination of personal information was caused by the alleged security breach of Exactis as compared to all other sources of the same information which is readily available in the public domain.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted as Defendant owed no legal duty to Plaintiff stemming from one of the four sources recognized by law.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted as Defendant owed no legal duty to Plaintiff to protect publicly available information from dissemination to third parties.

## THIRTEENTH AFFIRMATIVE DEFENSE

This Court is without subject matter jurisdiction as this case is not appropriate for class certification and in the absence of same, Plaintiff fails to meet the requirements for subject matter jurisdiction based on diversity of citizenship since both Plaintiff and Defendant are residents of the same state and Plaintiff has not alleged that his individual damages exceed $75,000.

## FOURTEENTH AFFIRMATIVE DEFENSE

Although Defendant expressly denies distribution of "confidential, personal information" of Plaintiff or any other third party, to the extent Defendant is found to have disseminated or allowed for the dissemination of "personal information," the sole remedy against Defendant is set forth in Fla. Stat. § 501.171, however this statute expressly precludes a private cause of action such as the one brought by Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for unjust enrichment is barred by the doctrine of unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE

Exactis affirmatively avers that Plaintiff and his counsel have improperly promoted speculative, hypothetical or conjectural alleged injuries and damages, even though Plaintiff has not suffered any actual harm.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot provide that his personal information was stolen as a component of a commercial transaction as required to state a claim under FDUTPA and accordingly, Exactis has not liability to Plaintiff for that claim.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to certification of a class or subclass because the requirements of Federal Rule of Civil Procedure 23 are not and cannot be satisfied.

## DEMAND FOR ATTORNEYS' FEES

In the event Defendant is a prevailing party to Plaintiff's FDUTPA claim(s), Defendant demands recovery of attorneys' fees and costs as provided for by Fla. Stat. § 501.2105.

Respectfully submitted,

s/ Meagan L. Logan
Meagan L. Logan
Florida Bar No. 18062
DOUGLAS & CARTER
177 N.W. Madison Street
Lake City, FL 32055
(386) 752.5511- Telephone
meagan@douglasandcarter.com

14

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 30th day of November, 2018, I electronically filed a

copy of the foregoing using the Court's CM/ECF system, which will transmit a copy of this

document to all counsel of record via email.

s/ Meagan L. Logan
Meagan L. Logan
Florida Bar No. 18062
DOUGLAS & CARTER
177 N.W. Madison Street
Lake City, FL 32055
meagan@douglasandcarter.com
