United States District Court
Middle District of Florida
Jacksonville Division

**KENNETH HERETICK,**

    *Plaintiff,*

v.                                                                                     3:18-cv-822-J-39PDB

**EXACTIS, LLC,**

    *Defendant.*

## Order

The plaintiff has filed a motion to compel discovery and a declaration in support of the motion, Docs. 22, 22-2, and an unopposed motion to stay case-management deadlines pending a ruling on the motion to compel. Doc. 24. The defendant has not responded to the motion to compel discovery, and the time to do so has passed.

In the motion to compel and affidavit, the plaintiff and the plaintiff's counsel explain the plaintiff served interrogatories and requests for production on June 17, 2019. Doc. 22 at 2–3; Doc. 22-1; Doc. 22-2 at 2. The defendant's counsel requested, and the plaintiff's counsel agreed to, an extension of time to respond until August 31, 2019. Doc. 22-2 at 2. The plaintiff's counsel emailed the defendant's counsel on September 4, 2019, about the overdue responses, and the defendant's counsel did not respond. Doc. 22-2 at 2. The plaintiff's counsel emailed the defendant's counsel on September 9, 2019, again asking about the overdue responses. Doc. 22-2 at 2. The defendant's counsel did not respond to the email but served answers to the plaintiff's interrogatories later that day. Doc. 22-2 at 2. On November 7 and 11, 2019, the plaintiff's counsel emailed the defendant's counsel about the overdue responses to the requests for production. Docs. 22 and 22-2 at 3. The defendant's counsel has not

responded to any inquiries regarding the requests for production, and the defendant has not responded to them. Docs. 22 and 22-2 at 3.

In the motion to stay, the plaintiff asks the Court to stay all case-management deadlines pending a ruling on the motion to compel because he is unable to prosecute the case without necessary discovery.[1] Doc. 24.

A party must respond to a request for production within 30 days of service unless the court orders, or the parties stipulate to, a different response time. Fed. R. Civ. P. 34(b)(2)(A). "Absent compelling circumstances, failure to assert an objection to a request for production within the time allowed for responding constitutes a waiver and will preclude a party from asserting the objection in response to a motion to compel." *See* Middle District of Florida Discovery Handbook, § III.A.6.

If a court grants a motion to compel, it "must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). "But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i–iii).

The defendant has not responded to the requests for production as required. The Court **grants** the motion to compel, Doc. 22, and **directs** the defendant to respond to the requests for production without objection by **January 7, 2020**. The Court **directs** the defendant to show cause why the Court should not require the defendant or its counsel to pay reasonable expenses incurred in making the motion

---

[1] The plaintiff states that defense counsel had indicated she would be moving for permission to withdraw from representing the defendant. Doc. 24 at 6.

to compel² at a hearing on **January 13, 2020**, at **2:00 p.m.**, at the Bryan Simpson United States Courthouse, Courtroom 5B, Fifth Floor, 300 North Hogan Street, Jacksonville, Florida, 32202. The motion to stay all deadlines, Doc. 24, and general case management also will be discussed at that time. The Court temporarily stays any case-management deadlines until then.³

**Ordered** in Jacksonville, Florida, on December 16, 2019.

PATRICIA D. BARKSDALE
United States Magistrate Judge

c:   Counsel of Record

---

²In a document titled "Plaintiff's Notice of Defendant's Failure to File Response to Motion to Compel Production of Documents Based on Failure to Respond and Request for an Order to Show Cause why Defendant Should Not Be Sanctioned," the plaintiff asks the Court to issue an order to show cause why sanctions should not be imposed, cites Rule 37(c)(1)(C), and requests an opportunity to respond to any show-cause response by the defendant. Doc. 23.

To the extent the plaintiff requests any relief in the notice, the Court denies the request without prejudice to filing a motion that complies with Rule 7(b) and Local Rule 3.01(g). Additionally, Rule 37(c)(1)(C) does not apply here. *See* Fed. R. Civ. P. 37(c)(1)(C) (governing sanctions for a failure to disclose information under Rule 26(a) or a failure to supplement a disclosure under Rule 26(e)).

³The deadline to move for class certification is January 7, 2020. Doc. 21 at 1.