United States District Court
Middle District of Florida
Jacksonville Division

**KENNETH HERETICK,**

  *Plaintiff,*

v.                      3:18-cv-822-J-39PDB

**EXACTIS, LLC,**

  *Defendant.*

# Order

The plaintiff moved to compel discovery and stay the case pending a ruling on the motion, explaining he cannot proceed without discovery. Docs. 22, 24. The Court granted the motion to compel, directed the defendant to respond to the discovery requests, and conducted a hearing to allow the defendant to show cause why expenses should not be awarded against it for failure to respond to the discovery requests. Docs. 25, 26. At the hearing, counsel for the defendant explained she will remain counsel for the defendant and the defendant has responded to the discovery requests. Based on discussions with counsel for both sides and a review of the case:

(1)  By **January 28, 2020**, the defendant's counsel must provide the plaintiff's counsel at least three dates for depositions to take place in January or February.

(2)  The mediation deadline is **April 15, 2020**.

(3)  By **March 1, 2020**, the parties must either (1) file a notice stating that Steven Jaffe, Esquire, is admitted to practice in this Court and will remain as the mediator or (2) file a notice identifying another mediator from the approved list for the Middle District of Florida, linked here.

(4)  The motion to stay, Doc. 24, is granted to the extent all other remaining deadlines in the case management and scheduling

order, Docs. 16, 21, are extended by six months. An amended case management and scheduling order will be entered.

(5) The defendant must pay the plaintiff's reasonable expenses incurred in moving to compel.[1] Counsel must confer in good faith to agree on an amount. If counsel cannot agree on an amount, they should call Angela Loeschen at (904) 549-1952 to schedule a telephone hearing on the issue. Doc. 26 at 2. Counsel may also use the telephone-hearing option to resolve other discovery disputes in lieu of written motion practice.

(6) By **February 10, 2020**, the plaintiff must provide information about the parties' citizenship.[2]

---

[1] If a court grants a motion to compel, it "must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). "But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i–iii). As conceded by the defendant, none of these circumstances are present here.

[2] The plaintiff contends the Court has subject-matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). Doc. 1 ¶ 12. The plaintiff alleges he is a resident of Pinellas County, Florida, and the defendant is a "United States Corporation" with a principal place of business in Palm Coast, Florida. Doc. 1 ¶¶ 14, 15. In the caption, the plaintiff identifies the defendant as "Exactis, LLC, a Florida limited liability company." Doc. 1 at 1.

Under CAFA, a court has original jurisdiction of a civil action in which the matter in controversy exceeds $5,000,000 and "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); see Lowery v. Alabama Power Co., 483 F.3d 1184, 1193 n.24 (11th Cir. 2007) (explaining CAFA has a "minimal diversity" requirement between one plaintiff and any defendant). A plaintiff alleging diversity jurisdiction has the burden of proving diversity. King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007). For a natural person, citizenship, not residency alone, must be alleged. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). Citizenship requires residency and an intent to remain there indefinitely. Travaglio v. Amer. Exp. Co., 735 F.3d 1266, 1269 (11th Cir. 2013). A limited liability company is a citizen of any state of which a member of the company is a citizen. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).

(7) By **February 14, 2020**, the plaintiff must file a brief addressing whether the named plaintiff has standing to bring this action.³

**Ordered** in Jacksonville, Florida, on January 27, 2020.



PATRICIA D. BARKSDALE
*United States Magistrate Judge*

---

³A court must "inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of South Ala. V. Amer. Tobacco, Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Standing is a threshold jurisdictional question that must be addressed sua sponte if not raised by the parties and before and independent of the merits of a claim. *Jones v. Comm'r Ga. Dep't of Corrs.*, 811 F.3d 1288, 1295 (11th Cir. 2016). A plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). A plaintiff must "clearly allege facts demonstrating each element." *Debernardis v. IQ Formulations, LLC*, 942 F.3d 1076, 1083 (11th Cir. 2019). Standing must be established between the named plaintiff and a defendant. *Griffin v. Dugger*, 823 F.2d 1476, 1483 (11th Cir. 1987).

To be an injury in fact, an injury must be an "invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo*, 136 S. Ct. at 1548 (internal quotation marks omitted). "[T]he focus is on the qualitative nature," not the size, of the injury. *Salcedo v. Hanna*, 936 F.3d 1162, 1173 (11th Cir. 2019); *see also In re Brinker Data Incident Litigation*, No. 3:18-cv-686-J-32MCR, 2019 WL 3502993, (M.D. Fla. Aug. 1, 2019) (unpublished) (finding in a data-breach case regarding customer information stolen from restaurants that (1) some customers had suffered injury in fact when they had unauthorized charges on their credit cards that caused them to replace cards and lose ability to accrue cash back, and (2) other customers had not suffered injury in fact where future injury of harm was too speculative, actions like setting up free credit-monitoring services were insufficient, and the plaintiffs' "information, if even compromised, ha[d] not been misused"). Whether an injury is "fairly traceable" to the defendant's conduct "requires less than a showing of 'proximate cause.'" *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012). In cases involving data breach and identity theft, "the pleadings must include allegations of a nexus between the two instances beyond allegations of time and sequence." *Id*.

The plaintiff explains a security researcher discovered an alleged breach when looking for databases visible on publicly accessible servers. Doc. 1 ¶ 28. He states he has incurred costs in buying credit monitoring services. Doc. 1 ¶ 39. He does not clearly allege his information was ever used as a result of the alleged breach. *See generally* Doc. 1 & Doc. 1 ¶ 10.

3

c:     Counsel of Record