**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| **KENNETH HERETICK, a Florida resident,**<br><br>Plaintiff,<br><br>v.<br><br>**EXACTIS, LLC, a Florida limited liability company,**<br><br>Defendant. | Case No. 3:18-cv-822-J-39PBD<br><br>**CLASS ACTION** |

**PLAINTIFF'S RESPONSE TO COURT'S ORDER REGARDING STANDING**

Plaintiff Kenneth Heretick ("Plaintiff") responds to this Court's January 27, 2020 Order (Doc. 27) ("Order") instructing Plaintiff to "file a brief addressing whether the named plaintiff has standing to bring this action[,]" (Doc. 27, at 2). In accord with the Order, Plaintiff states:

**I.   Introduction**

Defendant is an aggregator of information on individuals and businesses and, in turn, sells that aggregated information to businesses and marketers to assist companies to create and develop profiles on consumers. (Doc. No. 1, ¶¶ 17, 18). This information has value to third parties—whether malicious or otherwise—because the aggregated information provides a more detailed profile on the person. Particular to this case, the aggregated information has great value to malicious actors who use this information to circumvent security, such as knowledge-based authentication (e.g., challenge questions an individual has setup with their financial institutions, cell phone providers, or email providers). With the information necessary to circumvent these security functions, malicious actors are then able to gain access to highly sensitive accounts or, should those accounts require multi-factor authentication, gain access to the user's cell phone and/or email accounts to further circumvent multi-factor authentication. Here, as alleged in the

Class Action Complaint, Plaintiff is now at an increased risk of identity theft and has incurred costs associated with purchasing credit monitoring services. (Doc. No. 1, ¶ 39).

## II.     Factual Background

In June 2018, a security researcher used a commonly-available search engine which permits locating and identifying computers and databases connected to the internet. (Doc. No. 1, ¶ 28). Defendant's database, which contains information on approximately 230 million individuals, was one such database. (Doc. No. 1, ¶ 29). This information included consumers' phone numbers, home addresses, email addresses, personal interests and preferences, ages and genders of children, and other extremely detailed, personal information, exceeding as many as 400 data points on each business and consumer. (Doc. No. 1, ¶ 31). This database, however, was not only public to this search engine, but had no protections whatsoever to control who could access the information—no encryption, no firewalls, not even a password. (Doc. No. 1, ¶ 30). These rudimentary security functions are routinely performed at any company collecting and storing sensitive information, yet Defendant did not fund, budget, or otherwise expend any resources toward staffing, retaining, or training data security personnel, resulting in the release of sensitive, personal information of hundreds of millions of individuals. (Doc. No. 1, ¶¶ 28–31).

## III.    Legal Standard

Standing requires a plaintiff to allege: 1) an injury in fact; 2) fairly traceable to the challenged conduct of the defendant; 3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016). Although "Article III standing requires a concrete injury," "[c]oncrete is not…necessarily synonymous with 'tangible' and 'intangible injuries can nevertheless be concrete.'" *Id.* "An allegation of future injury may suffice if the threatened injury is 'certainly impending,' or there is a 'substantial risk' that the harm will

occur.'" *Id.* (quoting *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1150, n.5 (2013)). "Proximate causation is not a requirement of Article III standing." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1391, n.6 (2014). Indeed, "A showing that an injury is 'fairly traceable' requires less than a showing of 'proximate cause[,]'" where injury "indirectly caused by a defendant's actions satisfies the fairly traceable requirement." *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012); *see Wollschlaeger v. Governor, Florida*, 848 F.3d 1293, 1303–04 (11th Cir. 2017) (proximate causation is not a requirement for Article III standing); *Sanders v. Global Radar Acq'n., LLC*, 2019 WL 118044, *5 (M.D. Fla. Jan. 7, 2019) (denied dismissal and reiterated "fairly traceable" standard); *Tillman v. Ally Fin., Inc.*, 2017 WL 1957014, *7–8 (M.D. Fla. May 11, 2017) (same).

The same pleading standards for Rule 12(b)(6) apply to standing analysis. *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 966–68 (7th Cir. 2016). Therefore, "the allegations within the complaint are assumed true," "the Court must construe all factual allegations…in the light most favorable to the Plaintiff," and a plaintiff need only sufficiently raise her or his "right of relief above a speculative level." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Sierra Club, Inc. v. St. Johns River Water Mgmt. Dist.*, 2015 WL 6814566, *3 (M.D. Fla. Nov. 6, 2015) (Byron, J.) (finding standing and denying dismissal based on plaintiff's averments of "a reasonably probable, concrete, and imminent injury-in-fact").

**IV.   Argument**

Allegations of future injury are sufficient to satisfy Article III standing. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157–58 (2014) ("allegation of future injury may suffice if the threatened injury is 'certainly impending,' or there is a 'substantial risk' that the harm will occur") (citing *Clapper* 133 S.Ct. 1138 at 1150, n.5). Under *Spokeo*, a plaintiff sufficiently demonstrates

3

Article III standing based on a "risk of real harm." 136 S.Ct. at 1547. When there is actual dissemination of sensitive information—such as the sensitive information revealed in this case by Defendant—a plaintiff establishes standing based on the risk of future identity theft. *Lewert*, 819 at 966 (standing for "the increased risk of identity theft"); *Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688, 692–96 (7th Cir. 2015) (standing for personal information stolen in a data breach); *Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1143 (9th Cir. 2010) (plaintiffs established "a credible threat of real and immediate harm stemming from the theft of a laptop containing their unencrypted personal data").

Here, the Court must accept as true, and Defendant cannot dispute, the allegation that Defendant disseminated Plaintiff's sensitive and personal information into the public domain by failing to secure the information with any kind of encryption or protection. CAC, ¶¶ 28–39, 47–54. Based on this alone, there is "no need to speculate as to whether [the plaintiffs'] information had been stolen and what information was taken." *Remijas*, 794 F.3d at 693; *Galaria v. Nationwide Mut. Ins. Co.*, 2016 WL 4728027, *3 (6th Cir. Sept. 12, 2016) ("There is no need for speculation where Plaintiffs allege their data has already been stolen and is now in the hands of ill-intentioned criminals"). Defendant had a duty to securely maintain the sensitive and personal information it aggregated on consumers. CAC, ¶ 65–70, 82, 89, 90, 109, 110.

Any reliance on *Clapper* (and its progeny) for the proposition that future identity theft is too speculative and attenuated is misplaced. In *Clapper*, the plaintiffs' standing theory rested "on a speculative chain of possibilities that does not establish that their potential injury is certainly impending or is fairly traceable" to the defendant's conduct. 133 S.Ct. at 1141. In distinguishing *Clapper*, the *Remijas* court found that when a defendant does not contest the occurrence of a data breach, and the consumer takes actions in response thereto, standing is conferred. 794 F.3d at 694.

Even still, injury absent monetary damages confers standing. *In re Brinker Data Incident Litig.*, 2019 WL 3502993, at *4 (M.D. Fla. Aug. 1, 2019) (Corrigan, J.) (rejecting *Torres I*'s reading of *Resnick*; collecting Eleventh Circuit cases finding standing for time spent responding to conduct).

Here, Plaintiff's sensitive and personal information has been stolen in the data breach, and his reaction—to incur costs associated with purchasing credit monitoring services and spend time following the Federal Trade Commission's recommendations upon discovery or notification of a data breach (Doc. No. 1, ¶¶ 39–49, 52)—is actual harm and demonstrates a risk of further, imminent harm sufficient to confer standing.

## V.     Conclusion

For the reasons stated herein, Plaintiff has exceeded his legal requirements concerning pleading standards for standing. Should the Court determine the Complaint does not sufficiently allege standing, Plaintiff respectfully requests an opportunity to amend his complaint pursuant to Rule 15, Federal Rules of Civil Procedure.

Dated: February 14, 2020                    Respectfully submitted,

                                            */s/ John A. Yanchunis*
                                            John A. Yanchunis (Fla. Bar No. 324681)
                                            Ryan J. McGee (Fla. Bar No. 64957)
                                            **MORGAN & MORGAN**
                                            **COMPLEX LITIGATION GROUP**
                                            201 N. Franklin Street, 7th Floor
                                            Tampa, Florida 33602
                                            Telephone: (813) 223-5505
                                            Facsimile: (813) 223-5402
                                            jyanchunis@ForThePeople.com
                                            rmcgee@ForThePeople.com

                                            Adam J. Levitt (*Pro hac vice*)
                                            Amy E. Keller (*Pro hac vice*)
                                            **DICELLO LEVITT & CASEY LLC**
                                            Ten North Dearborn Street, Eleventh Floor
                                            Chicago, Illinois 60602
                                            Tel: (312) 214-7900

alevitt@dlcfirm.com
akeller@dlcfirm.com
Mark Abramowitz (*Pro hac vice*)
Justin Hawal (*Pro hac vice*)
**DICELLO LEVITT & CASEY LLC**
7556 Mentor Ave
Mentor, Ohio 44060
Tel: (440) 953-8888
mabramowitz@dlcfirm.com
jhawal@dlcfirm.com

Stuart A. Davidson (Fla. Bar No. 84824)
Christopher C. Gold (Fla. Bar No. 88733)
**ROBBINS GELLER RUDMAN &
DOWD LLP**
120 East Palmetto Park Road
Suite 500
Boca Raton, Florida 33432
Telephone: (561) 750-3000
Facsimile: (561) 750-3364
sdavidson@rgrdlaw.com
cgold@rgrdlaw.com

*Counsel for Plaintiff and the Proposed Nationwide Class and Subclass*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/ John A. Yanchunis*
John A. Yanchunis